UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

UNITED STATES OF AMERICA                                                                           Plaintiff

v.                                                                            Criminal Action No. 4:21-CR-00029

ELIZABETH BREANNE HARRIS                                                                         Defendant

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Defendant Elizabeth Breanne Harris ("Harris") moves a third time for compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A) asserting that she is the only available caregiver for her ailing father, and raising other issues relating to her confinement. [DE 144]. She has filed two previous requests for release [DE 116 (filed Dec. 26, 2023); DE 132 (filed May 6, 2024)]. The Court's recent order entered December 11, 2024 [DE 142] denying Harris' previous request was mailed to Harris but returned as undeliverable. [DE 145]. Thus, it appears Harris had not received a copy of the Court's order before filing the present motion. A response from the United States would not be of assistance to the Court and thus one will not be ordered.

For the reasons below and those stated in the Court's previous order [DE 142], Harris' motion for compassionate release [DE 144] is **DENIED**.

  **I.      BACKGROUND**

The relevant background regarding Harris' charges and sentencing is set forth in the Court's previous order an incorporated here. [DE 142]. Harris indicates in her present motion that her father is dependent upon her as a caregiver, just as she previously argued that that she is her "fathers' caregiver, power of attorney, and executor of estate" and that he "has serious health issues for which I provide 24 hr. care." [DE 144 at 764, DE 116 at 580]. Harris additionally asserts a

1

host of claims regarding "unsafe keeping, retaliation, and medical neglect, violating my rights to Due Process, as well as others." [DE 144 at 763].

Harris is 42 years old and currently housed at Oklahoma City FTC with a release date of December 29, 2025. *See* https://www.bop.gov/inmateloc/ (last visited February 11, 2025)

## II.     ANALYSIS

The standard for analyzing Harris' motion for compassionate release is set forth in the Court's previous order an incorporated here. [DE 142].  As an initial matter, it does not appear that Harris' exhausted her administrative remedies before filing the present motion.  The Court could deny her motion on that basis alone. 18 U.S.C. § 3582(c)(1)(A); *see United States v. McCall*, 56 *United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020); *United States v. Smith*, No. 6:13-CR-34-KKC, 2024 WL 3566697, at *1 (E.D. Ky. July 29, 2024).

Even if Harris had exhausted her administrative remedies, her motion is without merit. The Court previously analyzed Harris' argument that she is needed to take care of her father and found that she failed to demonstrate an extraordinary and compelling reason that would warrant early release. [DE 142].  Nothing additional raised in Harris' present motion changes the Court's ruling on this issue and Harris fails to demonstrate an extraordinary and compelling circumstance supporting release.

Harris additionally asserts a host of other claims regarding "unsafe keeping, retaliation, and medical neglect, violating my rights to Due Process, as well as others." [DE 144 at 763]. As noted above, it does not appear that Harris has exhausted her administrative remedies on these claims. Further, these are all claims related to her conditions of confinement and not a basis for the relief she seeks here—compassionate release. "[A] compassionate release proceeding is not the proper vehicle to seek relief for a claimed constitutional violation." *United States v. Carr*, No.

2

20-5784, 2020 U.S. App. LEXIS 33773, at *5 (6th Cir. Oct. 26, 2020) (citing *Hinneburg v. Miron*, 676 F. App'x 483, 486 (6th Cir. 2017)); *United States v. Numann*, No. 3:16-CR-00025-TMB, 2020 WL 1977117, at *4, (D. Alaska Apr. 24, 2020) (prisoner's "claims [ ] relating to the manner and conditions of confinement [ ] are not properly brought in a motion for compassionate release"). Moreover, Harris provides no evidence in support of these claims. As a result, even if a motion for compassionate release were the proper vehicle to bring these arguments, Harris has not satisfied her burden under § 3582(c)(1)(A) to show that the conditions of his confinement are so extraordinary and compelling as to justify release.

And in addition to these reasons, as stated in the Court's previous order incorporated here, the Section 3553(a) factors counsel against compassionate release. [DE 142].

Finally, Harris is warned from filing further motions without a substantial change in law or circumstances. *See United States v. Guzman*, No. 5:16-cr-41-JMH-EBA, 2019 WL 4418015, at *2 (E.D. Ky. Sept. 9, 2019). Continuing to reassert these arguments to the Court will not result in any different outcome.

### III. CONCLUSION

For all the reasons set forth above, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Harris' motions for compassionate release [DE 144] is **DENIED**.

The Clerk of Court is directed to send this order and the Court's previous order [DE 142] to Defendant at Elizabeth Breanne Harris, Register Number: 60640-509, FTC Oklahoma City, FEDERAL TRANSFER CENTER, P.O. BOX 898801, OKLAHOMA CITY, OK 73189.

cc:     Defendant, *pro se*